*E-FILED - 6/29/10*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| L.C. HARMON,<br><br>           Petitioner,<br><br> vs.<br><br>B. CURRY, Warden,<br><br>           Respondent. | No. C 09-1495 RMW (PR)<br><br>ORDER GRANTING RESPONDENT'S MOTION TO DISMISS; DISMISSING PETITION WITH LEAVE TO AMEND |

      Petitioner, a state prisoner proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging a prison disciplinary finding. The court ordered respondent to show cause why the petition should not be granted. Respondent filed a motion to dismiss the petition for failing to sufficiently plead a cognizable federal claim. Petitioner filed an opposition. Respondent filed a reply. Having reviewed the papers, the court GRANTS respondent's motion to dismiss and dismisses the petition with leave to amend.

## BACKGROUND

      According to the petition, on October 27, 2007, petitioner received a "128A Custodial Counseling Chrono" and was found guilty of violating the prison rules. Petitioner filed a state habeas petition in superior court which was denied on October 30, 2008. The California Court of Appeal also denied his petition on December 9, 2008. The California Supreme Court denied his petition on February 18, 2009. Petitioner thereafter filed the instant petition on April 6,

Order Granting Respondent's Motion to Dismiss; Dismissing Petition with Leave to Amend
P:\PRO-SE\SJ.Rmw\HC.09\Harmon495mtd.wpd

1  2009.

## DISCUSSION

Respondent argues that petitioner fails to allege his claims with specificity because the petition attaches several copies of state petitions which appear to address different issues. (Respondent's Motion to Dismiss ("Mot.") at 2.) Petitioner argues that his petition may indeed be deficient for lack of specificity, however, he could remedy it through amendment. (Opp. at 2.)

Federal courts have a duty to construe pro se petitions for writs of habeas corpus liberally. Zichko v. Idaho, 247 F.3d 1015, 1020 (9th Cir. 2001); cf. Selam v. Warm Springs Tribal Correctional Facility, 134 F.3d 948, 952 (9th Cir. 1998) (holding that magistrate judge properly construed petition as challenging two convictions, even though the petitioner identified only one conviction as the "offense involved" on the petition form, because the factual allegations of the petition alluded to both of the petitioner's trials).

In ordinary civil proceedings, the governing rule, Rule 8 of the Federal Rules of Civil Procedure, requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 2(c) of the Rules Governing Habeas Corpus cases requires a more detailed statement. The habeas rule instructs the petitioner to "specify all the grounds for relief available to [him]" and to "state the facts supporting each ground." See also Hendricks v. Vasquez, 908 F.2d 490, 491-92 (9th Cir. 1990) (habeas petitioner must state his claims with sufficient specificity). A prime purpose of Rule 2(c)'s demand that habeas petitioners plead with particularity is to assist the district court in determining whether the state should be ordered to show cause why the writ should not be granted. Mayle v. Felix, 545 U.S. 644, 655-56 (2005) (citing 28 U.S.C. § 2253). Conclusory allegations in a habeas petition fail to state a claim and do not suffice to shift the burden to the state to answer an order to show cause. See Allard v. Nelson, 423 F.2d 1216, 1217 (9th Cir. 1970). However, where the petition is deficient the petitioner should be given leave to amend. See Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

While the court agrees with respondent's observations that petitioner's petition is not the

1  example of clarity, here, liberally construed, petitioner appears to allege that his right to due
2  process was violated when the prison found him guilty of a rules violation report without
3  sufficient proof.  Petitioner cites <u>Wolff v. McDonnell</u>, 418 U.S. 539 (1974) as the basis for his
4  constitutional challenge.

5        Upon further review of the petition, however, it appears that the relief petitioner seeks is
6  expungement of the rules violation report and his 128 chrono because petitioner believes that the
7  chrono could "potentially effect [sic] a future parole hearing."  It is not clear if any of
8  petitioner's credits have been forfeited as a result of the chrono or if the expungement of the
9  chrono and violation report will in any way shorten his sentence.  Petitioner is cautioned that the
10 Ninth Circuit has held that "habeas jurisdiction is absent, and a § 1983 action proper, where a
11 successful challenge to a prison condition will not necessarily shorten the prisoner's sentence."
12 <u>Ramirez v. Galaza</u>, 334 F.3d 850, 859 (9th Cir. 2003).  If there was no credit forfeiture, for
13 example, there would be no restoration of credits to necessarily shorten petitioner's duration of
14 confinement.  <u>See</u> <u>Raditch v. United States</u>, 929 F.2d 478, 481 (9th Cir. 1991).  Because success
15 or failure on petitioner's claim would not affect the length of his sentence, this claim cannot be
16 brought in a habeas case.  <u>Cf.</u> <u>Redd v. Kirkland</u>, No. 06-7566 JF (PR), 2008 WL 2705577, at *2
17 (N.D. Cal. July 10, 2008) (dismissing a petition for failure to state a federal habeas claim when it
18 challenged guilty finding from prison disciplinary hearing because it was factor in the Board of
19 Parole Hearings' denial of parole eligibility).  If the petition does not state a cognizable claim for
20 federal habeas relief, the court would be required to dismiss it without leave to amend.

21       Out of an abundance of caution, however, and in light of respondent's motion and
22 petitioner's concession that the petition may be defective, the court will grant respondent's
23 motion to dismiss and allow petitioner to file an amended petition that specifies with
24 particularity "all the grounds for relief available" and to "state the facts supporting each ground."
25 Rule 2(c), Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C.
26 foll. § 2254.  Accordingly, respondent's motion to dismiss the instant petition (docket no. 7) is
27 GRANTED.  The instant petition is DISMISSED with leave to amend in order for petitioner to
28 clearly state his grounds for relief and provide sufficient facts to support his claim.

**CONCLUSION**

1. Respondent's motion to dismiss the instant petition (docket no. 7) is GRANTED.

2. The instant petition is DISMISSED with leave to amend within **thirty (30) days** from the date of petitioner's receipt of this order. The amended petition must include the caption and civil case number used in this order (C 09-1495 RMW (PR)) and the words AMENDED PETITION on the first page. The amendment shall be on the court's form for habeas petitions, **a copy of which is enclosed with petitioner's copy of this order.**

Petitioner shall allege specific facts in support of his allegations in order for respondent to file his answer. Petitioner need not cite to any additional legal argument, but rather he should describe the facts in support of each of his grounds for relief. Petitioner shall take care to write clearly and legibly, so that the court can read what he writes. He must clearly state the grounds for habeas relief challenging either underlying state court criminal conviction or the legality of his confinement. He must set out how he has exhausted his claims, that is, what he did to present them first to the highest state court available, which is the Supreme Court of California. **If petitioner fails to file an amended petition in conformity with this order, this action will be dismissed without prejudice.**

3. It is petitioner's responsibility to prosecute this case. Petitioner is reminded that all communications with the court must be served on respondent by mailing a true copy of the document to respondent's counsel. Petitioner must keep the court and all parties informed of any change of address by filing a separate paper captioned "Notice of Change of Address." He must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

This order terminates docket no. 7.

IT IS SO ORDERED.

DATED: 6/29/10

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge

Order Granting Respondent's Motion to Dismiss; Dismissing Petition with Leave to Amend
P:\PRO-SE\SJ.Rmw\HC.09\Harmon495mtd.wpd    4